## WEST *v.* WEST.

There was no abuse of discretion in enforcing, upon the application of a wife, an order for the payment of temporary alimony which had been lawfully granted as an incident to an action for permanent alimony brought by her against her husband on the ground that he had abandoned and was living in a state of separation from her, when the only defense to such application was that the husband had, after the institution of the suit for permanent alimony, brought a libel for divorce against the wife and had dismissed the same upon an agreement that no future payments of temporary alimony would be required of him, the evidence as to this alleged agreement being conflicting, and it affirmatively appearing that the action for permanent alimony had not been dismissed.

Argued April 27, — Decided May 27, 1898.

Rule for contempt. Before Judge Butt. Taylor county. June 5, 1897.

*C. J. Thornton* and *C. C. West*, for plaintiff in error.

*Brannon, Hatcher & Martin, Blandford & Grimes* and *W. S. Wallace*, contra.

LUMPKIN, P. J. It appears from the record, that Mrs. West brought against her husband an action for permanent alimony on the ground that he had, without just cause, abandoned her and that they were living in a state of separation. In connection with this suit she filed an application for temporary alimony, which was allowed, the judge directing the defendant to pay to her $50.00 cash and $7.00 monthly until otherwise ordered. After the suit for permanent alimony had been begun, the defendant brought an action for divorce against his wife, but subsequently dismissed the same. In compliance with the judge's order granting the temporary alimony, he had paid the $50.00 in cash and continued to pay the monthly allowance of $7.00 to the wife until he dismissed his action for divorce. After this was done, he refused to make further payments. Mrs. West thereupon presented to the judge of the superior court a petition for a rule against West, requiring him to show cause why he should not be attached for contempt in not complying with the order by which the temporary alimony had been allowed. This petition alleged that her suit for permanent alimony was still pending. The defendant answered the petition.

The only defense therein set up, as to which there was any controversy, was that "the divorce suit was dismissed with the agreement and understanding that it ended the whole matter and that no further alimony was to be paid." Upon the issue thus presented the evidence was conflicting, but it appeared beyond dispute that the suit for permanent alimony had never been dismissed. The judge passed an order directing the defendant to pay to the plaintiff the alimony allowed in the former order of the court from the time he had suspended payments; that he continue to pay $7.00 per month until otherwise ordered; and that in default of compliance with this order, the defendant be attached and committed for contempt.

Assuming, as we must necessarily do, that the judge found correctly upon the disputed issue of fact contested at the hearing, he committed no error in passing the order of which complaint is made in the bill of exceptions. The wife's action for permanent alimony was instituted upon lawful grounds, and as an incident thereto the judge undoubtedly had the power to grant to her temporary alimony. The suit by the wife was an entirely separate and distinct proceeding from the husband's libel for divorce; and consequently neither the bringing nor the dismissal of the latter action could in any manner affect the wife's right to enforce the collection of her temporary alimony, unless she agreed that such dismissal should absolve the defendant from making further payments of alimony to her. Therefore, at the hearing under review the case resolved itself into a contest upon a single issue of fact, and the judge's finding upon that issue was sufficiently supported by the evidence introduced in behalf of the wife.

*Judgment affirmed. All the Justices concurring.*